# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| PAUL FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12-CV-86-SNLJ |
| | ) |
| FRANKIE ADAMS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #8].

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404

U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Amended Complaint

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendant Frankie Adams (Sikeston police officer). Plaintiff alleges that defendant violated his Fourth, Eighth, and Fourteenth Amendment rights when he (1) stopped and frisked plaintiff and falsely arrested him without probable cause, resulting in plaintiff's wrongful imprisonment; (2) physically assaulted plaintiff and committed acts of police brutality; and (3) repeatedly and deliberately labeled plaintiff as a snitch or informant, thereby causing plaintiff substantial physical and emotional injury and placing plaintiff's life and safety in jeopardy. In addition, plaintiff states a pendent state-law claim for slander. Plaintiff is suing defendant Adams in both his individual and official capacities.

## Discussion

A review of the amended complaint indicates that plaintiff has stated actionable claims for relief against defendant Frankie Adams in his individual capacity relative to the violation of plaintiff's Fourth, Eighth, and Fourteenth Amendment rights, as

well as the state-law claim for slander.  Said claims survive review under 28 U.S.C. § 1915(e)(2)(B), and therefore, the Court will order defendant Frankie Adams to reply to the amended complaint in his individual capacity.  *See* 42 U.S.C. § 1997e(g)(2).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).  The instant amended complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant Frankie Adams in his official capacity, and the Court will order that all said claims be dismissed without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to be issued upon the amended complaint [Doc. #8] as to defendant Frankie Adams in his individual capacity only.

**IT IS FURTHER ORDERED** that, in his individual capacity, defendant Frankie Adams shall file an answer or other responsive pleading directed to plaintiff's amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED**, without prejudice, as to defendant Frankie Adams in his official capacity.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate order directing the dismissal of specific claims will be filed separately.

Dated this 27th day of August, 2012.

_____
**UNITED STATES DISTRICT JUDGE**