UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PAUL D. FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12CV86 SNLJ |
| ) | |
| FRANKIE ADAMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this 42 U.S.C. §1983 action against Sikeston Police Officer Franklin "Frankie" Adams, and the City of Sikeston for slander and various constitutional violations. Plaintiff specifically alleges that Officer Adams violated his Fourth, Eighth, and Fourteenth Amendment rights when Adams allegedly: (1) stopped and frisked Plaintiff on several occasions in July 2011 without probable cause; (2) arrested Plaintiff on November 3, 2011 that resulted in him spending nine days in the Scott County Jail and used excessive force in making that arrest; (3) repeatedly and falsely labeled Plaintiff as a police informant/snitch; and (4) caused Plaintiff's parole to be revoked due to Adams's allegedly unconstitutional and unlawful conduct. Plaintiff further alleges that the City of Sikeston was deliberately indifferent to Plaintiff's constitutional rights by failing to stop Adams's allegedly unconstitutional conduct.

Currently before the Court are five motions filed by plaintiff. Each is discussed in turn below.

**I.     Motion to Compel (#45)**

Plaintiff moved to compel responses to discovery requests that he had not yet served upon defendants. Defendants obtained the discovery requests only by receipt of plaintiff's motion.

However, defendants have now apparently responded to the discovery requests. The motion will be denied.

II.     **Motion to Compel Adequate Initial Disclosure (#46)**

Plaintiff contends that defendants have not provided him with all the materials to which he believes he is entitled. Plaintiff states that, although defendants identified 18 documents in their initial disclosures, only four of those documents have any relevance to Case No. 1022-CR01618.

Defendants respond that they have met their disclosure obligations and that, if plaintiff seeks further documents, he should request them. Plaintiff replied that the defendants' disclosures

> excluded the disclosure of pertinent case documents of Case No. 1150-CR01618 directly relating to charges stemming from Report #CN201118768 and discoverable documents interlineated by Doc. No. 46 Ex. B- Section 2 (1) through (5). Defendants accedes to the fact that plaintiff was (1) arrested, charged, and detained in Sikeston City Jail November 3, 2011, 92) transported to Scott County Jail November 4, 2011 to await prosecution by for the November 3, 2011 arrest charges, (3) spent nine (9) days in Scott County jail under the auspice of Report #CN201118768 Case No. 1150-CR01618, before posting a reduced $10,000 case only bond to $250.00, with all charges in Case No. 1150-CR01618 being dismissed in their entirety December 6, 2011. Defendants did not include these related documents in its initial disclosure, but for Crime/Incident Report #CN201118768.

The Court does not entirely understand plaintiff's dissatisfaction with the defendants' initial disclosures. Ultimately, if the plaintiff believes certain, relevant documents should be produced, he should have requested those through document requests. Plaintiff's motion is denied.

**III.    Motion to Compel Answers to Interrogatories and to Overrule Objection (#57)**

Next, plaintiff moves to compel defendants to answer his First, Second, Third, and Fourth sets of interrogatories.  Defendants respond that plaintiff far exceeded Federal Rule of Civil Procedure 33(a)(1)'s limitations on interrogatories by propounding 76 interrogatories in addition to the first 25 interrogatories contained in plaintiff's First Set of Interrogatories.  As to defendants' objections to the first 25 interrogatories, plaintiff does not specifically explain why the defendants' objections are improper.  Moreover, plaintiff did not provide the Court with copies of defendants' objections.  As a result of those omissions, the Court has no basis on which to assess defendants' objections.  Plaintiff's motion will be denied.

**IV.    Motion Regarding the Sufficiency of Defendants' Denials, Answers and Objections to Plaintiff's Requests for Admission (#59)**

Plaintiff requests that the Court determine the propriety of defendants' responses to plaintiff's many Requests for Admissions.  Federal Rule of Civil Procedure 36(a)(6) states that the plaintiff may "move to determine the sufficiency of an answer or objection" to a Request for Admission.  Plaintiffs' Requests are quite numerous (the defendants' responses total 51 pages), many pertain to the authenticity of documents which have handwritten notes added to them, and the subject matter of others are inappropriate for Requests for Admission, thus defendants' denials are understandable.  Defendants have not responded to the Requests with blanket denials, but rather their responses and objections appear thoughtful and appropriate.  Defendants also admitted many of the Requests.

V.  **Motion to Take Deposition of Prisoner by Written Questions (#63)**

Plaintiff seeks to depose Tony Coray, a/k/a Tony Burgess, who is confined in the Missouri Department of Corrections. Plaintiff seeks to depose Coray by written questions. Defendants have not responded. The Court will order defendants to do so no later than April 25, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel (#45) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Adequate Initial Disclosure (#46) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Answers to Interrogatories and to Overrule Objection (#57) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion Regarding the Sufficiency of Defendants' Denials, Answers and Objections to Plaintiff's Requests for Admission (#59) is **DENIED**.

**IT IS FINALLY ORDERED THAT** plaintiff's Motion to Take Deposition of Prisoner by Written Questions (#63) is held in abeyance, and defendants are ordered to respond to that motion no later than April 25, 2013.

Dated this __4th__ day of April, 2013.

                                                                                    _____
                                                                                    STEPHEN N. LIMBAUGH, JR.
                                                                                    UNITED STATES DISTRICT JUDGE